United States District Court
Southern District of Texas

**ENTERED**

June 05, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ANGEL MENDOZA GUTIERREZ | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-378 |
| | § | |
| WARDEN, PORT ISABEL DETENTION | § | |
| CENTER, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Jose Angel Mendoza Gutierrez is currently detained by Immigration and Customs Enforcement at the Port Isabel Detention Center in Cameron County, Texas.  In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).  He bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, the Due Process Clause of the Fifth Amendment, and the Administrative Procedure Act.

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which foreclosed Petitioner's statutory arguments.  In light of that decision, the Court ordered Petitioner to file a Statement in support of his claims. (Order, Doc. 4) Petitioner timely complied with the order. (*See* Statement, Doc. 5)

Based on the record and the applicable law, the Court concludes that Petitioner does not present a viable claim.

### I.    Due Process Claim

Petitioner contends that the Fifth Amendment's Due Process Clause prohibits indefinite or prolonged civil detention without an individualized determination for individuals such as himself, and that Respondents violate this principle by detaining him under Section 1225(b)(2)(A) without an opportunity to seek bond. (Pet., Doc. 1, ¶¶ 68–72)  Other courts have considered and

1 / 3

rejected substantively-similar arguments. *See, e.g.*, *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g.*, *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[1] Petitioner seeks to distinguish those cases, (*see* Statement, Doc. 5), but the Court finds the proposed distinctions unpersuasive. For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

Petitioner also alleges an as-applied challenge, emphasizing his particular circumstances, including his length of residence within the United States and his family and community ties. (Statement, Doc. 5, 8–15) But he presents no authority to support his claim that these circumstances present a viable as-applied due process challenge. In addition, Section 1225(b)(2)(a) authorizes his continued detention, as *Buenrostro* recognized.

## II.    APA Claim

Petitioner relies on the APA, alleging that Respondents may not detain him under Section 1225 because "[t]he application of § 1225(b)(2) to bar Petitioner from receiving a bond

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–*see, e.g.*, *Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

2 / 3

redetermination hearing before an immigration judge is arbitrary, capricious, and not in accordance with law, and as such, it violates the APA." (Pet., Doc. 1, ¶ 66)

Assuming that Petitioner can present an APA claim in habeas, the claim fails. The Fifth Circuit has found the challenged statutory construction acceptable, and this Court has concluded that Petitioner has no viable due process claim. As a result, Petitioner cannot demonstrate that Respondents have violated any statute or regulation in a manner that violates the APA.

## III. Conclusion

For these reasons, the Court concludes that Petitioner is not entitled to the relief that he requests.

Accordingly, it is:

**ORDERED** that Petitioner Jose Angel Mendoza Gutierrez's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on June 5, 2026.

Fernando Rodriguez, Jr.
United States District Judge